IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

CECIL L. TUCKER, JR., and
SHANNON R. TUCKER,

        Plaintiffs,

v.                                                              Civil Action No. 3:10-CV-59
                                                                      (BAILEY)

NAVY FEDERAL CREDIT UNION,

        Defendant.

## ORDER DENYING PLAINTIFFS' PRETRIAL MOTIONS

Pending before this Court are the plaintiffs' Motion to Strike [Doc. 96], Motion *in Limine* No. 1 to Preclude Evidence [Doc. 97], and Motion to Continue Trial Date [Doc. 99]. To date, defendant Navy Federal Credit Union ("Navy Federal") has filed no response. Having carefully considered the plaintiffs' motions, this Court finds that the same should be **DENIED**.

The instant motions are commonly based upon the plaintiffs' disagreement with this Court's ruling at the pretrial conference permitting Navy Federal to amend its Answer to assert a defense under § 46A-5-101(8) of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), commonly referred to as the "bona fide error" defense. Specifically, the plaintiffs ask this Court to strike the defense and preclude evidence from being offered in support thereof because, they contend, discovery shows that Navy Federal does not maintain procedures reasonably adapted to prevent violations of the WVCCPA, citing **Stover v. Fingerhut Direct Marketing, Inc.**, 2010 WL 1507182 (S.D. W.Va. Mar. 19, 2010) (Berger). ([Doc. 96] at 2; [Doc. 97] at 2). Alternatively, the plaintiffs ask for a

1

continuance of the January 10, 2012, trial date for up to 45 days to prepare a response to the defense. ([Doc. 99] at 3). For the reasons that follow, this Court will deny each of the plaintiffs' requests for relief.

First, this Court will neither strike the bona fide error defense nor preclude Navy Federal from introducing evidence that it applies in this case. Instead, this Courts find it more appropriate to hear the evidence at the *bench* trial before determining the applicability of the defense. In this regard, this Court also notes that it is not bound by the decision in **Stover**, concerning whether the procedures maintained must be adapted specifically to avoid violations of the WVCCPA.

In addition, this Court finds that the plaintiffs have failed to show good cause for a continuance of the trial. After the summary judgment stage, the plaintiffs have two claims remaining, both arising under the WVCCPA. As relevant here, one of those claims arises under § 46A-2-125(d), which prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with *intent* to annoy, abuse, oppress or threaten any person at the called number." (Emphasis added). The bona fide error defense applies if Navy Federal "establishes by a preponderance of evidence that a violation is *unintentional or the result of a bona fide error of fact* notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error . . .." W.Va. Code § 46A-5-101(8) (emphasis added). As the italics show, the plaintiffs' § 46A-2-125(d) claim requires that they prove *intent*, whereas § 46A-1-101(8) requires Navy Federal to prove that the telephone calls supporting a violation of § 46A-2-125(d) were *unintentional*. Perhaps more pertinently, the plaintiffs have known (or should have known)

2

since the filing of their Complaint over one-and-one-half years ago that they would be required to prove the intentional nature of the phone calls to succeed on their § 46A-2-125(d) claim.  As such, this Court is unpersuaded that its recent ruling permitting Navy Federal to assert the bona fide error defense creates the sea change in the evidence the plaintiffs now claim they will be required to present.

For the reasons above, this Court hereby **DENIES** the plaintiffs' Motion to Strike **[Doc. 96]**, Motion *in LImine* No. 1 to Preclude Evidence **[Doc. 97]**, and Motion to Continue Trial Date **[Doc. 99]**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 3, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE